IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CLEVELAND COMMUNICATIONS, INC.** | ) ) | CASE NO. 1:23-cv-1561 |
| | ) | JUDGE CHARLES ESQUE |
| Plaintiff, | ) ) | FLEMING |
| v. | ) ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| **LORAIN COUNTY BOARD OF COMMISSIONERS,** *et al.* | ) ) ) | |
| Defendants**.** | ) ) | |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, OPPOSITION TO RENEWED MOTION TO DISMISS AS MOOT, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Cleveland Communications, Inc. ("CCI"), by and through undersigned counsel, respectfully moves for leave to file the Second Amended Complaint attached as **Exhibit A**, and opposes the Renewed Motion to Dismiss as moot, and in support states as follows:

**MEMORANDUM OF LAW**
**(Points and Authorities)**

A party may amend its pleading at any time with leave of court.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The Sixth Circuit interprets Rule 15 as setting "a liberal policy of permitting amendments to ensure the determination of claims on the merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001); *accord, Tefft v. Seward*, 689 F. 2d 637,

639 (6th Cir. 1982). While the grant of leave to amend is discretionary, the Sixth Circuit has made clear that leave should be "freely given":

> "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, etc. – the leave sought should, as the rules require, be freely given."

*Pittman v. Experian Info. Solutions, Inc.*, 901 F. 3d 619, 640 (6th Cir. 2018 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord, Carson v. U.S. Office of Special Counsel*, 633 F. 3d 487, 495 (6th Cir. 2011).

In this instance, justice and efficiency support granting leave to amend at this time, only fifteen days after the filing of Defendants' Renewed Motion to Dismiss, and where there is no bad faith, futility, or resulting undue prejudice in allowing this amendment. To the contrary, the primary reason for the amendment is to state an additional §1983 claim for retaliation against Plaintiff CCI for engaging in the protected conduct of filing this federal lawsuit. (*See* Second Amended Complaint, Count VII.) Facts supporting this claim have been substantiated after the filing of the First Amended Complaint – which was amended "once as a matter of course" pursuant to Rule 15(a)(1)(B). Beyond the additional claim, Plaintiff makes certain other amendments and clarifications to the First Amended Complaint in order to more clearly demonstrate the sufficiency of the prior claims and to limit the issues for this Court to decide. Discovery has not yet begun, and there is no undue prejudice or delay.

Plaintiff CCI does seek leave to amend with Defendants' Renewed Motion to Dismiss pending. When a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleadings." *Peltaway v. Nat'l Recovery Sols., LLC*, 955 F. 3d 299, 303 (2d Cir. 2020). Courts in the Sixth Circuit generally opt for the former course, treating the filing of an amended complaint as rendering moot a pending motion to dismiss. *See Jones v. McGrath*, Case No. 1:12-cv-946 – HJW, 2013 U.S. Dist. Lexis 114101, 2013 WL 4080721 (S.D. Ohio Aug. 13, 2013) ("the filing of an amended complaint generally moots a pending motion to dismiss"); *accord, Cedar View, Ltd. v. Colpetzer,* Case No. 5:05-cv-00782, 2006 U.S. Dist. Lexis 7018, 2006 WL 456482, *18 n.1 (N.D. Ohio Feb. 24, 2006) (motion to dismiss and motion for judgment on the pleadings "denied as moot, as they refer to a version of the complaint that has since been replaced."); *Hartman v. Register*, Case No. 1:06-cv-33, 2007 U.S. Dist. Lexis 21175, 2007 WL 915193, *15 (S.D. Ohio Mar. 26, 2007) (granting leave to file second amended complaint and denying as moot pending motion to dismiss two prior complaints); *ABB, Inc. v. Reed City Power Line Supply Co.*, Case No. 1:07-cv-420, 2007 U.S. Dist. Lexis 69097, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007) (collecting cases supporting amended complaint replaces original complaint rendering pending motion to dismiss moot).

In this case, efficiency supports allowing leave to amend and denying as moot the pending motion to dismiss without prejudice to a renewed filing against the

3

Second Amended Complaint. To first adjudicate the pending motion to dismiss which is now moot and then adjudicate the sufficiency of the Second Amended Complaint (which states a new claim and amends previously asserted claims) will only result in additional delay and cost.

WHEREFORE, in the interests of justice and efficiency, this Court should grant filing of the Second Amended Complaint and deny the Renewed Motion to Dismiss as moot.

Respectfully submitted,

*/s/  Allen T. Carter*
Allen T. Carter (0085393)
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio  43215
Phone:  614.227.2000
Fax:  614.227.2100
Email:  acarter@porterwright.com

Edmund W. Searby  (0067455)
McDaniel M. Kelly (0097628)
Porter Wright Morris & Arthur LLP
950 Main Avenue, Suite 500
Cleveland, Ohio  44113-7201
Phone (Edmund):  216-443-2545
Phone (McDaniel):  216-443-2538
Fax:  216-443-9011
Email: esearby@porterwright.com
         mkelly@porterwright.com

Dean DePiero (0063629)
DEPIERO LAW
5546 Pearl Road
Parma, Ohio 44129
Phone:  440-884-2400
Email:  depierolaw@gmail.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of December 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

>  */s/   Allen T. Carter*
> Allen T. Carter  (0085393)
> *Attorney for Plaintiff*

23485730v1

5