IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLEVELAND COMMUNICATIONS, INC.** | ) CASE NO.  1:23-cv-1561 |
| ) | |
| ) | JUDGE CHARLES ESQUE FLEMING |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| ) | |
| **LORAIN COUNTY BOARD OF COMMISSIONERS,** *et al.* ) | |
| ) | |
| ) | |
| Defendants**.** ) | |
| ) | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

**I.      INTRODUCTION**

Defendants' Opposition to Plaintiff's Motion for Leave to File A Second Amended Complaint (Doc. #15) cannot demonstrate why this Court should deny a *first requested* leave to amend a complaint particularly at this early stage in this case. Instead, Defendants unnecessarily oppose leave to amend by a pleading that is procedurally and substantively wrong. They challenge the proposed amendment as "futile," but under clearly established law, a full futility analysis invokes a Rule 12(b)(6) standard as to whether the proposed amended complaint states a claim. Defendants should have accepted the amendment and renewed their motion to dismiss. As set forth below, federal courts presented with futility oppositions often exercise their discretion to summarily allow the amendment and then address the arguments if or when presented in a renewed Rule 12(b)(6) motion.

In opposing the proposed amendment, Defendants compound their procedural misjudgments by setting forth some five pages of their own facts in support of their futility arguments. This is both an implicit admission that they lack valid grounds to challenge the claims as pled and an invitation to this Court to commit reversible error. The cardinal rule of deciding the validity of claims on the pleadings is that this Court's review is confined to the four corners of the complaint. Defendants' alternative narrative is not a valid basis to oppose amending a complaint.

While respectfully submitting that this Court should exercise its discretion to summarily grant leave to amend, Plaintiff Cleveland Communications, Inc. ("CCI") further demonstrates below why the futility challenge is invalid on the merits. In addition to improperly arguing "facts" outside of the proposed amended complaint and inferences in their favor[1], Defendants' futility arguments are also based upon mistreatments of the law.

CCI states detailed plausible claims grounded in controlling law. Defendants' claim that the Second Amended Complaint is "virtually unchanged," but, if that were true, why did Defendants not simply accept the amendment, renew their motion to dismiss, and spare this Court another contested motion? The answer, as Defendants know, is that the Second Amended Complaint contains new factual allegations foreclosing their specious grounds to dismiss. Indeed, since the filing of the initial federal complaint, CCI has received new evidence from two law enforcement

---

[1] Defendants also improperly purport to incorporate into their fourteen page opposition the "relevant facts detailed in its pending motion to dismiss" directed at the prior version of the complaint "in the interest of brevity." (Opp. at p. 2, n.2)..

investigations supporting its claims. Defendants have also continued to commit unlawful acts, including Defendant Armbruster's retaliation against CCI for exercising its constitutional right to petition this Court. These developments present strong grounds for leave to amend which in any event should be freely given particularly at this early stage in the litigation.

## II. ARGUMENT

### A. This Court Should Grant Leave to Amend and Decide Defendants' Arguments on a Renewed Motion to Dismiss

Without acknowledging "the liberal policy" allowing amendments or demonstrating any actual bad faith, (*see* Motion for Leave to Amend (Doc. #13) at p. 1-2), Defendants argue that this Court should deny leave on futility grounds. In so doing, Defendants create unnecessary motion practice when the real issue is whether the Second Amended Complaint states a claim which is more appropriately decided on a fully briefed motion to dismiss. As one Court in this Circuit put it: "Defendant's opposition to plaintiff's timely motion for leave to file a second amended complaint is an exercise in aggressive lawyering. Defendants have unduly complicated what should be a simple inquiry under Rule 15(a)." *Canada-Neal v. Delta Airlines, Inc.*, No. 1:08-cv-232, 2008 U.S. Dist. LEXIS 97890, at *7, 2008 WL 5111848 (W.D. Mich. December 3, 2008). The unnecessary complication arises because a claim of futility at this procedural stage requires – in the first instance – a determination whether the amended complaint is subject to dismissal under Fed. R.

3

Civ. P. 12(b)(6). *See Midkiff v. Adams County Reg'l Water Dist.,* 409 F. 3d 758, 767 (6th Cir. 2005).[2]

For this reason, federal "courts around the country have found that futility arguments made in opposition to the amended [complaint] are often better suited for consideration in the context of a motion to dismiss, especially when there is already a dispositive motion pending." *Chen v. Yellen*, No. 3:20-cv-50458, 2021 U.S. Dist. LEXIS 208317, at *7, 2021 WL 5005373 (N.D. Ill. Oct. 28, 2021) (collecting cases). "Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend places the cart before the horse, and rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Id.* (quoting *Complete Merchant Sols., LLC v. Fed Trade Commn.*, No. 2019CV00963, 2020 U.S. Dist. LEXIS 129574, at *8, 2020 WL 4192294 (D. Utah July 21, 2020)); *accord Alloy Cast Steel Co. v. United States Workers*, 70 F.R.D. 687, 689 (N.D. Ohio 1976), ("The Court … is not willing to look into the merits or demerits of the new claims. The only question is whether the defendant should be allowed to raise them.").

"The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." *Moore/Diesel Co.*

---

[2] On appeal, "(t)here is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Cohen v. American Security Insurance Co.*, 735 F. 3d 601, 607 (7th Cir. 2013).

4

*v. Fid. and Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989); *see also Lauren v. PNC Bank*, N.A., No. 2:14-cv-0230, 2014 U.S. Dist. LEXIS 64945, at *9, 2014 WL 1884321 (S.D. Ohio May 12, 2014) ("[I]t is usually a sound exercise of discretion to [allow the amended pleading ] and to allow the merits of the claim(s) to be tested…by way of a motion to dismiss.").

Other courts mitigate the inefficiency presented by futility claims by limiting the analysis to whether the proposed amended complaint appears facially frivolous. *See Reed v. Home Deposit U.S.A., Inc.*, No. 2:16-cv-926, 2017 U.S. Dist. LEXIS 221001, at *12, 2017 WL 5202684 (S.D. Ohio May 15, 2017) (deciding that leave to amend should be summarily granted and claim of futility should be decided as motion to dismiss where "substantial argument" can be made in support of proposed second amended complaint); *Zachery v. Javitch Block LLC*, No. 1:22-cv-02261, 2023 U.S. Dist. LEXIS 111217, at *13, 2023 WL 4236031 (S. D. Ind. Jun. 28, 2023) ("[A] motion to amend should only be denied as 'futile' if the proposed amendment is frivolous on its face."); 6 Wright & Miller Fed. Prac. & Proc. Civ., § 1487 (3d ed.) (denial of leave to amend on futility grounds is improper unless the proposed amendment is "clearly … frivolous" or "legally insufficient on its face.")

Underlying both approaches is the implicit recognition that "the futility defense in a motion to amend is not a substitute for a motion to dismiss." *Mortg. Servs. III, LLC v. Montel*, No. 1:19-cv-3006, 2020 U.S. Dist. LEXIS 266805, at *5, 2020 WL 13556099 (S. D. Ind. Mar. 27, 2020). Defendants' arguments are more appropriately resolved in the context of a motion to dismiss where the briefing rules

and deadlines for a dispositive motion apply.[3] *See Reed*, 2017 U.S. Dist. LEXIS 221001, at *12, 2017 WL 5202684.

Defendants' attempt to "fully" incorporate by reference in a footnote its "pending motion to dismiss" directed at the pending First Amended Complaint, Opp. at p. 8 n.3, further demonstrates the inappropriateness of Defendant's opposition to the motion for leave to amend. *See Mortg. Servs. III, LLC*, 2020 U.S. Dist. LEXIS 266805, at *5-6, 2020 WL 13556099 ("The Court declines to apply arguments raised in a pending motion to a different pleading to this proposed, amended pleading. There are several good reasons for this. First, … there is no way the Court can be certain the arguments were not impacted by the amendments except to have the parties re-brief the issues in light of the amended pleadings … ."). Defendants say that the claims in the proposed amendment are "virtually unchanged," but this is not a fair characterization. In addition to bringing a new claim for retaliation, the proposed Second Amended Complaint includes additional factual allegations relevant to Defendants' pending Motion to Dismiss arguments. The most appropriate way to address the sufficiency of this proposed Seconded Amended Complaint is a renewed motion to dismiss directed at the operative pleading. CCI will not respond to arguments raised in a different pleading and directed at a prior complaint on a seven day deadline for a reply brief.

Compounding the unnecessary procedural complications, Defendants improperly include five pages of "Relevant Background" setting forth their own "facts"

---

[3] *See* N.D. Ohio L.R. 7.1, In this reply, CCI has fewer pages and less time to respond than allowed in an opposition to a motion to dismiss.

6

outside of the four corners of the proposed complaint. This violates the cardinal rule that in determining whether a complaint states a claim, "the district court may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F. 3d 603, 613 (6th Cir. 2009) (citing *Winget v. JPMorgan Chase Bank, N.A.*, 537 F. 3d 565, 576 (6th Cir. 2008)). Were the Court to consider Defendants' improper alternate narrative, it would "effectively convert" the 12(b)(6) analysis into that for a motion for summary judgment. *See Id.*; Fed. R. Civ. P. 12(d) ("If, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56."). Accordingly, "Defendants invite this Court to commit reversible error under settled Sixth Circuit authority." *Canada-Neal*, 2008 U.S. Dist. LEXIS 97890, at *6, 2008 WL 5111848 (censuring defendants for arguing facts outside of complaint in opposing amendment as futile). The test for futility "does *not* depend on whether the proposed amendment could possibly be dismissed on a motion for summary judgment." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (emphasis added). For this reason too, Defendants' Opposition – a trap for the unwary – should be disregarded with leave to renew their motion to dismiss in compliance with basic procedural rules.

      **B.**    **Defendants Do Not Demonstrate that CCI Cannot State a Claim**

In the event that this Court does not exercise its discretion to simply pass on the futility claim in favor of a renewed motion to dismiss – which for the reasons set forth above it should – then it should be clear that the Second Amended Complaint

7

more than sufficiently states plausible claims of RICO, violations of federal constitutional rights, and one pendent state claim for breach of contract. As the Seventh Circuit recognized, "cases of clear futility at the outset of a case are rare, and this is not one of them." *Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Moreover, Defendants' arguments for futility are based upon mistreatments of the law, ignoring the proper standard to review the complaint, and arguing facts outside of the record.

The proper standard for fully adjudicating a claim of futility is that applicable to motions to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2008). Under this standard, as this Court knows and Defendants ignore, the Court must accept as true all well-pleaded factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff states a valid claim if it gives fair notice and is "plausible on its face." *Bell Atl. Corp v. Twombley*, 550 U.S. 544, 555 and 570 (2007); *see also Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015).

    1.    <u>The Allegations In the Second Amended Complaint Do Not Establish Defendants' Absolute Immunity, Much Less Futility</u>

Defendants' principal argument is that they are being sued for the legislative act of rescinding CCI's contract and they enjoy absolute immunity for legislative acts. (*See* Opp. at p. 9). This argument fails for a number of reasons. First, the proposed Second Amended Complaint alleges a broader range of unlawful conduct than the vote to rescind the contract, including acts of bribery, extortion, fraud, obstruction of justice, and retaliation against CCI for exercising its constitutional right to file this lawsuit. (*See* Sec. Amend. Compl. at ¶¶28-57, 64-68, 74-177).

8

Second, Defendants fail to demonstrate that they are entitled to absolute legislative immunity even for rescinding CCI's contract; they just say they are. But "(n)ot all governmental acts by local governmental bodies are necessarily legislative in nature" and "it is only with respect to the *legislative* powers delegated to them that an official…is entitled to absolute immunity." *Anders v. Cuevas*, 984 F. 3d 1166, 1181 (6th Cir. 2021) (emphasis added). Even acts that are "legislative in form" may not be "legislative in substance" – i.e., bearing "the hallmarks of traditional legislation" – as is required for absolute immunity. *Id.* at 1181-82. Such a determination involves consideration of a number of factors, and "the burden rests" on Defendants to establish "absolute legislative immunity." *Id.* at 1181 (quoting *Canary v. Osborn*, 21 F. 3d 324, 328 (6th Cir. 2000)).

Defendants do not even address the relevant factors under the applicable law. They do introduce their own facts in a stealth effort to portray their conduct as involving a broader, legislative purpose. But, as discussed above, this is completely improper because a futility analysis cannot involve facts outside of the four corners of the proposed amended complaint. *See Rose*, 203 F.3d at 421. Furthermore, as the Sixth Circuit has recognized, a determination whether an act is legislative in substance may require factual development in discovery. *Anders*, 984 F. 3d at 1182 ("[D]iscovery is necessary before we can determine whether the veto was legislative in substance."). Defendants' improper effort to introduce their own facts is an implicit admission that their immunity defense cannot be resolved on the pleadings, and that the Second Amended Complaint is far from futile.

However, one undisputed fact suggests that Defendants will never establish absolute legislative immunity: the vote they claim to be a legislative act simply terminated one specific company's contract, but did not terminate the purpose for which the contract was entered. Federal courts, including the Sixth Circuit, have found analogous actions not to be legislative because they do not involve broad policy-making decisions. *See Anders*, 984 F. 3d at 1182 (not legislative where allegations in the light most favorable to the plaintiff "suggest … veto was nothing more than an attempt to stop the city from contracting with one specific entity – Area Towing. Such a pointed act does not indicate a larger policy goal or budgetary concern … ."); *Canary*, 211 F.3d at 331 ("[T]he resolution proposed by Osborn and adopted by the Board to not renew Canary's contract did not bear all the hallmarks of traditional legislation" notwithstanding entry indicating that it was motivated by financial considerations.); *Lacorte v. Hudacs*, 884 F. Supp. 64, 71 (N.D.N.Y. 1995) (denying absolute legislative immunity because the "adoption of the resolution denying the contract to these alleged low-bidders is more properly characterized as an administrative act.").

    2.    <u>CCI States a Claim for the Deprivation of Procedural Due Process</u>

Defendants further challenge the procedural due process claim as barred by "the availability of a state breach-of-contract remedy." (Opp. at p. 10). But Defendants construe the law too broadly. Sixth Circuit "case law makes clear that a claim for a due-process violation does not lie where the thrust of the plaintiffs' argument is *simply* breach of contract." *Kaminski v. Coulter*, 865 F. 3d 339, 348 (6th Cir. 2017) (emphasis added); *see also Ramsey v. Bd. of Educ.*, 844 F.2d 1268, 1273

(6th Cir. 1988) (federal constitutional claim barred "when *the only basis* for federal jurisdiction is that a state actor is one of the contracting parties"(emphasis added)); *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 832 (6th Cir. 2009) ("[T]he *only* difference between this case and any other garden-variety breach of contract case is that the City happened to be one of the contracting parties."(emphasis added)).

Here, the procedural due process claim is not simply an ordinary breach of contract claim where a public entity happened to be the contracting counter-party. Rather, the thrust of CCI's procedural due process claim is not that Lorain County breached the contract, but that it denied the type of pre-deprivation hearing required by the due process clause. This is a valid distinction. *See Maybourg v. St. Bernard*, No. 1:04-CV-00249, 2006 U.S. Dist. LEXIS 85276, at *33, 2006 WL 3803393 (Nov. 22, 2006)(rejecting city's motion-to-dismiss argument that "trivialize[d]" a due process claim by asserting that it was merely an ordinary breach of contract action).

Nor does this argument support futility because even Defendants recognize that there must be an adequate state court remedy. CCI alleges that "state remedies for the denial of due process are inadequate and arbitrarily enforced. CCI's administrative appeal was dismissed in state court in a one page decision that failed to acknowledge that the rescinding of a contract, a firmly established property right, requires due process of law." (Sec. Amend. Compl. at ¶156). Furthermore, one page after claiming that CCI has an adequate state court remedy for breach of contract, Defendants claim that CCI *does not* because Lorain County withheld a fiscal

11


certificate. (*Compare* Opp. at p. 10, *with* Opp. at p. 11). While CCI rightly disputes the state law on this point and the existence of the fiscal certificate is itself a subject for discovery (Defendants cannot just say it never existed),[4] this argument should foreclose the challenge to the procedural due process claim.

   3. <u>CCI States a Claim for Equal Protection Violations</u>

Defendants further argue that "CCI's Equal Protection claim is also facially deficient because CCI fails to allege the existence of similarly situated individuals." (Opp. at p. 11). Not so. CCI pleads that Defendants treated CCI differently than its competitors without proper justification. (*See, e.g.*, Sec. Amend. Compl. at ¶115 (intention to award contract to Motorola for "*approximately six million dollars more than Lorain County agreed to pay CCI, and with other terms advantageous to Motorola that were denied to CCI*"); ¶161 ("… *intentionally treating it differently from its competitors …*"); and ¶163 ("… resolutions specifically directed at depriving CCI of its property interest *and benefitting Motorola.*") (emphasis added)). In any event, Defendants cannot demonstrate at this stage that these allegations are futile.

   4. <u>CCI Pleads A Valid Claim for Retaliation</u>

Finally, leave to amend is compellingly supported to allow a new claim for the retaliation against CCI for bringing this federal lawsuit. As alleged, late last year Defendant Armbruster told first responders and other public employees not to do

---

[4] On this point too, Defendants improperly ask the Court to assume facts outside of the four corners of the complaint: that there was never a fiscal certificate. CCI alleges that the Prosecutor "apparently" did not obtain it, Sec. Amended Compl. at ¶ 107, but that does not mean that the fiscal officer never issued it. Furthermore, CCI contends that it was not required because the Contract was to be funded with federal ARPA funds. See *Id.* at ¶62.

business with CCI because CCI filed this lawsuit. (Sec. Amend. Compl. at ¶¶109-113, 174). Justice requires leave to amend in this circumstance; otherwise, litigants can be punished and thus deterred from asserting federal constitutional rights. *Cf. Thaddeus-X v. Blatter*, 175 F. 3d 378, 396 (6th Cir. 1999) (*en banc*) (recognizing federal claim for "adverse action … that would deter a person of ordinary firmness from the exercise of the right at stake.")

Defendants offer several frivolous arguments against the federal retaliation claim. First, they argue that there is no retaliation claim for bringing state law claims. (Opp. at 12). But CCI alleges retaliation for the filing of this federal lawsuit. Sec. Amend. Compl. at ¶175. Indeed, Armbruster's retaliatory acts occurred ***after*** he was named in this federal lawsuit alleging his participation in federal RICO violations. There is a firmly established claim where government officials retaliate against plaintiffs for exercising constitutional rights. *Thaddeus-X*, 175 F. 3d at 386. "The filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts." *R.S.W.W, Inc. v. City of Keego Harbor*, 397 F.3d 427, 440 (6th Cir. 2005) (quoting *Hoeber on Behalf of NLRB v. Local 30*, 939 F. 2d 118, 126 (3d Cir. 1991)).

Knowing this, Defendants claim that "there is no constitutional protection for filing groundless federal lawsuits." (Opp. at 13). Defendants pluck this proposition of law out of a materially distinct context,[5] but, regardless, Defendants do not and

---

[5] Defendants cite no case supporting that a retaliation claim for petitioning the courts is dependent on a finding that the action filed is meritorious.

13

cannot show that this litigation is "baseless;" they just say it. Indeed, the detailed and extensive factual allegations against them are supported in part by two independent law enforcement investigations. A claim of futility at this stage is a particularly inappropriate point to decide that CCI somehow has no right to petition this Court for violations of RICO and established federal constitutional rights.

Lastly, Defendants argue that CCI cannot demonstrate that the filing of the lawsuit was the motivating factor for the retaliation because it also alleges a scheme to steer the contract to Motorola. Opp. at 3. Defendants effort to contrive conflicting motivations ignores the fact that Armbruster's retaliatory acts occurred only recently during the pendency of this lawsuit and independent of the prior effort to rescind CCI's contract in favor of Motorola. (Sec. Amend. Compl. at ¶¶109-113).

Moreover, a retaliation claim does not require a single motivating factor. To the contrary, the Sixth Circuit is clear that a First Amendment retaliation claim requires proof "that the adverse action was motivated *at least in part* by the plaintiff's protected conduct." *Scarborough v. Morgan Cnty Bd. of Educ.*, 470 F. 3d 250, 255 (6th Cir. 2006) (emphasis added). Here, the proposed Second Amended Complaint alleges that "[t]his *added retaliation* is motivated *at least in part* by CCI's filing of this federal action seeking redress against Defendant Armbruster and others for the violation of rights under federal law and the United States Constitution." (Sec. Amend. Compl. at ¶175) (emphasis added). This is all that CCI must do at this stage in the proceedings, and the Sixth Circuit has recognized that "claims involving proof

14

of a defendant's intent seldom lend themselves to summary disposition." *Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 218 (6th Cir. 2011) (citation omitted).

### III. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' opposition to leave to amend is unnecessary and groundless. Pursuant to the liberal standard for leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure, this Court "should freely give leave" in the interests of justice.

        Respectfully submitted,

        <u>/s/ Edmund W. Searby</u>
        Edmund W. Searby (0067455)
        McDaniel M. Kelly (0097628)
        Porter Wright Morris & Arthur LLP
        950 Main Avenue, Suite 500
        Cleveland, Ohio 44113-7201
        Phone (Edmund): 216-443-2545
        Phone (McDaniel): 216-443-2538
        Fax: 216-443-9011
        Email: esearby@porterwright.com
              mkelly@porterwright.com

        Allen T. Carter (0085393)
        Porter, Wright, Morris & Arthur LLP
        41 South High Street
        Columbus, Ohio 43215
        Phone: 614.227.2000
        Fax: 614.227.2100
        Email: acarter@porterwright.com

        Dean DePiero (0063629)
        DEPIERO LAW
        5546 Pearl Road
        Parma, Ohio 44129
        Phone: 440-884-2400
        Email: depierolaw@gmail.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of January 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

<div style="text-align:right">

*/s/  Edmund W. Searby*
Edmund W. Searby  (0067455)
*Attorney for Plaintiff*

</div>

23688759v1