IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | |
|---|---|
| CLEVELAND COMMUNICATIONS, INC. ) | Case No. 1:23-cv-1561 |
| ) | |
| ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, ) | MAGISTRATE JUDGE JONATHAN |
| ) | D. GREENBERG |
| v. ) | |
| ) | |
| LORAIN COUNTY BOARD OF ) | |
| COMMISSIONERS, *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF CLEVELAND COMMUNICATIONS, INC.'S
REPLY IN SUPPORT OF ITS SUPPLEMENT TO MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Defendants' response to Plaintiff Cleveland Communications, Inc.'s ("CCI") Supplement to Motion for Leave to File Second Amended Complaint (ECF #21) largely repeats the same futility arguments against allowing the first amendment *by leave of court*. Defendants portray CCI as taking too many bites at the proverbial apple – their cliché not ours – but ignore the developments since the filing of this case, including the release of two law enforcement reports of investigation. (*See* Reply Brief, ECF #18 at p. 2-3; Doc. #19-1, Proposed Second Amended Complaint at ¶¶ 50, 117, 118).

Defendants also argue again their own version of events which is a manifestly improper basis to oppose leave to amend or to seek to dismiss the Complaint. (*See* Reply, ECF #18 at p. 2, 6-7). They further continue to ignore the liberal standard for leave to amend under Fed. R. Civ. P. 15 (a)(2)(particularly at this early stage). *See*

24246132

Motion for Leave, ECF #19, at p. 2). Instead, they seek to engage this Court in a futility analysis, which federal courts widely reject in determining leave to amend. (*See* Reply, ECF #3-4), and which in this case is based again on turning pleading standards on their head.

What is new is their challenge to the malicious prosecution claim in the proposed Second Amended Complaint. The first argument is that defendant Moore's demands for a criminal investigation "does not constitute actionable malicious prosecution." This is not correct. The Ohio Supreme Court has long recognized that an individual can be liable for malicious prosecution for the submission of false reports:

> If . . . the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible and a prosecution based thereon is procured by the person giving the false information. **In order to charge a private person with the responsibility for the initiation of proceedings by a public official, it must therefore appear** [1] that his desire to have the proceedings initiated expressed by direction, request, or pressure of any kind was the determining factor in the official's decision to commence the prosecution **or [2] that the information furnished by him upon which the official acted was known to be false**.

*Archer v. Chachat*, 165 Ohio St. 286, 288 (Ohio 1956) (emphasis added).[1]

Defendants reliance upon *Barnes v. City of Beachwood*, 2006-Ohio-3948, ¶20 (8th Dist.) to support the contrary notion that the informant can never be held liable for malicious prosecution is misplaced. In *Barnes*, a state appellate court held that the defendant could not be held liable for omitting the plaintiff's version of events

---

[1] Although quoting from *Archer* in asserting that informers who simply provide statements of their belief are not regarding as having instituted criminal proceedings, Defendants conveniently crop out this key statement from the Ohio Supreme Court. (Doc. 21 at 8).

2

from an investigation report. But CCI's malicious prosecution does not rest upon "simply asking" for an investigation or the kind of omission involved in *Barnes*, but instead is based on Defendant Moore's intentionally deceptive and false statements maliciously submitted to subject CCI and others to an investigation. (Rev. Proposed 2d Amend. Compl. ¶¶192-99).

Nor is Defendants' suggestion correct that there can be no malicious prosecution claim because no formal charges were initiated. The very case that Defendants cite for the elements of an Ohio malicious prosecution claim undermines this argument. In *Froelich v. Ohio Dep't of Mental Health*, 114 Ohio St. 3d 286, 289, 2007-Ohio-4161, 871 N.E. 2d 1159, 1163, the Ohio Supreme assumed that presenting evidence to a grand jury was sufficient and cited cases supporting that a grand jury's no-bill of an indictment amounts to a termination in favor of the accused supporting an action for malicious prosecution. *See also Koch v. Ohio*, No. 3:18-cv-2287, 2020 U.S. Dist. LEXIS 40087, at *10-11 (N.D. Ohio Mar. 9, 2020) (indicating that an Ohio law based malicious prosecution claim could be premised on an investigation, despite finding that such a claim was expired because more than a year had passed since the investigation concluded); *Mishak v. Serazin*, No. 1:17-cv-1543, 2018 U.S. Dist. LEXIS 44550, at *14, 23 (N.D. Ohio Mar. 19, 2018) (granting leave to amend to add, among other things, an Ohio law malicious prosecution claim based on a concluded investigation); *cf. also Dipasquale v. Hawkins*, 748 F. App'x 688, 692-93 (6th Cir. 2018) (acknowledging – in the Fourth Amendment context – that "malicious prosecution" is broadly defined to include wrongful investigation).

3

Finally, Defendant Moore's argument that he enjoyed an absolute immunity privilege to make false allegations of criminal activity is also specious.[2] In *M.J. DiCorpo, Inc. v. Sweeney* – the primary authority relied upon by the *Barnes* court and Defendants – the Ohio Supreme Court explained that absolute privileges must be "strictly" limited to legislative proceedings, "judicial proceedings **in established courts of justice**," official acts of chief executive officers, and acts done in military authority. 69 Ohio St. 3d 497, 505 (1994) (emphasis added). Noting that caution, the Ohio Supreme Court extended the absolute privilege to "affidavit[s] or statement[s] submitted to a prosecutor," as such statements are inherently tied to the judicial process. *Id.*; *Barnes*, 2006-Ohio-3948, ¶18 (acknowledging that the absolute privilege is "for statements made in a **judicial proceeding**" (emphasis added).) But, notwithstanding the initiation of criminal proceedings through a wrongful investigation, no *judicial proceedings* occurred and Defendant Moore's false statements were not made to a prosecutor or the court. Pre-judicial criminal investigations like the wrongful investigation Defendant Moore instigated are not among the limited circumstances to which the Ohio Supreme Court has provided absolute immunity.

Indeed, Ohio Courts have indicated that only **qualified immunity** is available to individuals who provide information to law enforcement for the investigation of a purported crime. *Stoll v. Gardner*, 2009-Ohio-1865, ¶37 (9th Dist.) (citing *Leitner v.*

---

[2] Defendant Moore does not raise this asserted absolute immunity privilege as related to his legislative office, nor could he. Defendant Moore's letter sparking the investigation was not sent as a legislative act of the Board of Commissioners, and Defendant Moore did not have authority in his capacity as a commissioner to direct the activities of the separately elected sheriff. Instead, Defendant Moore's letter was sent in his private, individual capacity.

4

*Vinson*, 1997 Ohio App. LEXIS 9759, at *7 (9th Dist. June 13, 1979); and *A&B Abel Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 9 (1995)); *cf. also Spurlock v. Satterfield*, 167 F.3d 995, 1003 (6th Cir. 1999) (explaining that absolute immunity is reserved for "actors 'intimately associated with the judicial phase of the criminal process,'" and that it does not extend to "investigative" activities). And that qualified immunity can be overcome where – as here – the individual acted with actual malice by providing information with knowledge or reckless disregard of its falsity. *Stoll*, 2009-Ohio-1865, ¶37 (citing *Jacobs v. Frank*, 60 Ohio St.3d 111, syllabus ¶2 (1991)). Moreover, extending such immunity would be inconsistent with Ohio court decisions indicating that individuals can be held liable for their false reports to law enforcement that result in wrongful pre-judicial criminal proceedings. *See, e.g.*, *Archer*, 165 Ohio St. at 288.

The distinction between the absolute immunity line of cases in *M.J. DiCorpo* and *Barnes* and the qualified immunity cases in *Stoll* appears to focus on the difference between: (1) reports made to prosecutors or magistrates, whose roles are intertwined with the judicial system, *see M.J. DiCorpo*, 69 Ohio St. 3d at 506 (a "complaint to a prosecuting attorney or a magistrate is to be regarded as an initial step in a judicial proceeding"); and (2) reports to a law enforcement officer, who is more distant from the judicial proceedings associated with criminal process, *see Stoll*, 2009-Ohio-1865, ¶¶2-6, 37 (report made to detective). *Cf. also Haas v. Vill. of Stryker*, 2013-Ohio-2476, ¶¶22-23 (6th Dist.) (distinguishing police, to whom only qualified immunity applies unless their activity is expressly tied to a judicial proceeding such

5

as executing a warrant for a hearing witness, from prosecutors, whose activities are covered by absolute immunity).

Additionally, the remaining portions of Defendants opposition simply restate their arguments from their prior opposition brief. (*Compare* Doc. 21 at 9-11, *with* Doc. 15 at 12-13; *compare* Doc. 21 at 11-14, *with* Doc. 15 at 8-11). In the interest of brevity, CCI incorporates by reference the corresponding responsive arguments set forth in its prior reply brief in support of leave to amend. (Doc. 18).

For the foregoing reasons, and for the reasons set out in the prior briefing on leave to file a second amended complaint, the interests of justice support leave to amend. Accordingly, CCI respectfully requests that its Supplemental Motion for Leave to File a Second Amended Complaint (ECF Doc. 19) be granted.

                                                                Respectfully submitted,

                                              */s/ McDaniel M. Kelly*
                                              Allen T. Carter (0085393)
                                              Porter, Wright, Morris & Arthur LLP
                                              41 South High Street
                                              Columbus, Ohio 43215
                                              Phone: 614.227.2000
                                              Fax: 614.227.2100
                                              Email:       acarter@porterwright.com

                                              Edmund W. Searby (0067455)
                                              McDaniel M. Kelly (0097628)
                                              Porter Wright Morris & Arthur LLP
                                              950 Main Avenue, Suite 500
                                              Cleveland, Ohio 44113-7201
                                              Phone (Edmund): 216-443-2545
                                              Phone (McDaniel): 216-443-2538
                                              Fax: 216-443-9011
                                              Email:       esearby@porterwright.com
                                                               mkelly@porterwright.com

        Dean DePiero (0063629)
        DEPIERO LAW
        5546 Pearl Road
        Parma, Ohio 44129
        Phone:  440-884-2400
        Email:        DEPIEROLAW@gmail.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of June 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system and via courtesy email as follows:

Matthew A. Dooley (0081482)
Ryan M. Gembala (0079431)
Patrick M. Ward (0095420)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:  (440) 930-4001
Fax:  (440) 934-7208
Email: mdooley@dooleygembala.com
rgembala@dooleygembala.com
pward@dooleygembala.com
sbosak@dooleygembala.com
mbriach@dooleygembala.com

*Attorney for Defendants*

                                             */s/ McDaniel M. Kelly*
                                             One of the Attorneys for Plaintiff