**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVELAND COMMUNICATIONS, INC., | ) | CASE NO. 1:23-cv-1561 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| LORAIN COUNTY BOARD OF COMMISSIONERS, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court are two motions: (i) Defendants' motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (ECF No. 12); and (ii) Plaintiff's motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) ("Motion to Amend") (ECF No. 13). For the reasons discussed below, the Motion to Amend is **GRANTED** and the Motion to Dismiss is **DENIED AS MOOT**.

I.  **PROCEDURAL BACKGROUND**

On November 16, 2023, Plaintiff Cleveland Communications, Inc. ("CCI") filed a first amended complaint against Defendants Lorain County Board of Commissioners (the "Board"), Jeffrey Armbruster, David J. Moore, and Jeffrey Riddell (collectively, "Defendants"). (ECF No. 10). The pleadings generally alleged that, after CCI and the Board had entered into a valid contract for CCI to upgrade a countywide emergency radio communications system for Lorain County (the "Contract"), the Defendants conspired together, rescinded the Contract, and worked to exclude CCI from expanding and servicing radio systems in Lorain County. (*Id.* at PageID #189–204). CCI asserted six claims for relief: (i) a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(b) and (c), against Moore and Armbruster (Count One); (ii) a violation of the RICO Act, 18 U.S.C. § 1964, against Moore and

1

Armbruster (Count Two); (iii) denial of substantive due process, in violation of the Fourteenth Amendment, against Moore and Armbruster (Count Three); (iv) denial of procedural due process, in violation of the Fourteenth Amendment, against the Board, Moore and Riddell (Count Four); (v) denial of equal protection, in violation of the Fourteenth Amendment, against the Board, Moore, and Riddell (Count Five); and (vi) breach of contract, against the Board (Count Six).  (*Id.* at PageID #205–17).

On November 30, 2023, Defendants filed the Motion to Dismiss.  (ECF No. 12).  Defendants argue that CCI cannot sustain: (i) a RICO claim because the first amended complaint contains insufficient, conclusory allegations against the defendants and Moore is otherwise entitled to legislative immunity, (*id.* at PageID #258–63); (ii) substantive and procedural due process claims because the state-law breach of contract claim provides an adequate remedy, (*id.* at PageID #264–66); and (iii) an equal protection claim because there are insufficient allegations to support a "class of one" theory, (*id.* at PageID #266–69).  Defendants further argue that the breach of contract should be dismissed because the Contract lacks a statutorily required fiscal certificate and the Court should otherwise decline to exercise supplemental jurisdiction over this state-law claim.  (*Id.* at PageID #269–72).

Shortly thereafter, Plaintiff filed the pending Motion to Amend.  (ECF No. 13).  Plaintiff asserts that it is seeking to amend the pleadings to add an additional claim and amend the factual allegations to demonstrate the sufficiency of its claims; it also contends that justice and efficiency support granting leave to amend and there is no bad faith, futility, or undue prejudice.  (*Id.* at PageID #274–75).  As a result of granting leave to amend, Plaintiff argues that Defendants' motion to dismiss should be denied as moot.  (*Id.* at PageID #276–77).  Notably, the motion does not

address Defendants' arguments for dismissal in the Motion to Dismiss. Plaintiff attached a proposed second amended complaint to the Motion to Amend. (ECF No. 13-1).

Plaintiff subsequently filed a supplement to the Motion to Amend ("Supplement"), seeking to add a second additional claim and further amend the factual pleadings. (ECF No. 19). The Supplement contains an updated proposed second amended complaint. (ECF No. 19-1). The updated second amendment complaint asserts two additional claims: (i) a First Amendment retaliation claim against Defendant Armbruster, (*id.* at PageID #428); and (ii) a malicious prosecution claim against Defendant Moore, (*id.* at PageID #428–30). Plaintiff also added new and amended factual allegations throughout the proposed second amended complaint, including within the "introduction," "parties," and "facts common to all claims" sections, as well as under Count One. (*Id.* ¶¶ 1–2, 4, 8, 12, 15, 32, 48–52, 79, 97, 121–24, 126–28, 134, 137).

Defendants filed opposition to both the Motion to Amend and the Supplement. (ECF Nos. 15, 21). Defendants argue that leave to amend should be denied because the amendments are futile, given that: (i) the claims in the first amended complaint are still subject to dismissal; and (ii) the proposed malicious prosecution and retaliation claims are facially deficient. (ECF No. 15, PageID #354–60; ECF No. 21, PageID #466–73).

## II. MOTION TO AMEND

### A. Legal Standard

Pleading amendments are governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that, in instances of amendment other than amending within 21 days of service of the initial complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." "Rule 15 reinforces the principle that cases should be tried on their merits rather than

the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted). The Supreme Court has clarified that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). The party opposing a motion to amend the pleadings bears the burden of establishing that the proposed amendments would be futile. *See White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting cases).

    **B.**    **Discussion**

As an initial matter, the Court finds that there is no evidence of undue delay, bad faith or dilatory motive, or undue prejudice to support denying leave to amend in this instance; nor have Defendants raised any such argument in their opposition briefing. Defendants' main argument in opposition is that the proposed amendments are ultimately futile. (*See* ECF No. 15, PageID #354–60; ECF No. 21, PageID #466–73).

Although Rule 15 encourages leave to amend be freely granted, "a request may be denied if it would be futile, i.e., if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citing *Rose*

4

*v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation. *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555).  A plaintiff is obligated to provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

      First, the Court is not convinced by Defendants' argument that the proposed amendments are facially deficient and therefore futile.  Defendants' briefs in opposition do not particularly address the large number of amended or new factual allegations throughout the updated second amended complaint.  As for the new claims, Defendants contend, in part, that the proposed retaliation claim is facially deficient because there is no constitutional protection for filing frivolous federal lawsuits. (ECF No. 15, PageID #359).  The Court disagrees with Defendants'

framing of the matter. Even if Plaintiff's claims are ultimately dismissed on the merits for failure to state a claim, that does not necessarily mean that the claims were frivolous or entirely baseless. Although it is unclear based on the various submissions before the Court whether Plaintiff has stated viable claims for relief against Defendants, the Court finds that Defendants have not met their burden of establishing that the proposed amendments would be futile in their entirety.

Second, even if the Court were to find that all the proposed amendments were futile, the Court is not required to deny leave to amend. "Though futility is a permissible basis for denying a motion to amend a pleading, the Supreme Court in *Foman v. Davis* did not mandate that a court *must* deny a proposed amendment if it is futile." *All Pro Brace, LLC v. United States HHS*, No. 1:21-cv-00896, 2022 U.S. Dist. LEXIS 209091, at *9 (N.D. Ohio Nov. 17, 2022) (citing *Aladdin Temp-Rite, LLC v. Carlisle FoodService Prods. Inc.*, No. 3:13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014)) (emphasis in original). "Rather, even if a claim *may* be futile, the Court is not *required* to disallow the amendment." *Id.* (citation and internal quotation marks omitted) (emphasis in original).

In light of the lack of undue prejudice, undue delay, and bad faith, the Court finds that granting leave to amend is in the best interests of justice. Moreover, the Court finds the interests of efficiency are best served by granting leave to amend. The parties' arguments for and against dismissal of the claims in the first amended complaint are crisscrossed and interspersed throughout the parties' opposition and reply briefs addressing Defendants' motion to dismiss, Plaintiff's Motion to Amend, and Plaintiff's Supplement. Under these circumstances, whether the proposed amendments are futile and whether Plaintiff's claims are subject to dismissal under Rule 12(b)(6) would be best handled in a single motion to dismiss, where the arguments are cleanly and plainly presented before the Court. Accordingly, the Court **GRANTS** the Motion to Amend.

"It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint." *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412, at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6). As a result, Defendants' Motion to Dismiss is **DENIED AS MOOT**. The Court notes that Plaintiff has now been given several opportunities to amend the pleadings, twice in the face of a pending motion to dismiss. The Court therefore cautions Plaintiff that any future requests for leave to amend will be denied absent extraordinary circumstances.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint (ECF No. 13) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter the second amended complaint (Doc. No. 19-1) as a separate docket entry. Defendants' Motion to Dismiss (ECF No. 12) is **DENIED AS MOOT**. Defendants shall answer or otherwise respond by September 10, 2024.

**IT IS SO ORDERED.**

Date: August 20, 2024

*/s/ Charles Fleming*
_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**