Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVELAND COMMUNICATIONS, INC. | ) | Case No. 1:23-cv-1561 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE JONATHAN |
| v. | ) | D. GREENBERG |
| | ) | |
| LORAIN COUNTY BOARD OF | ) | |
| COMMISSIONERS, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

<u>**AFFIDAVIT OF ALAN CLOSE**</u>

STATE OF OHIO                      :

COUNTY OF FRANKLIN :  ss.


Before me, the undersigned Notary Public, appeared Alan Close, who being duly sworn, deposes and affirms:

1.      I give this affidavit based on my personal knowledge of and involvement in the events and facts I have described.

2.      I submit this affidavit in support of my Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion").

3.      That I am the President of Cleveland Communications, Inc. ("CCI").

4.      I verify and attest to the truth and accuracy the events and facts described in the following paragraphs of the Second Amended Complaint, filed August 20, 2024: Paragraphs 1, 4, 6-7, 23-35, 37, 46-74, 80-111, 113-115, 118-128.

1

5.      In or about 2019, first responders in Lorain County sought on their own initiative to improve emergency radio communications.  The initial five municipalities chose CCI and its L3 Harris Radio equipment for the new system.  CCI then built what became known as the "Five Cities Radio System" to service first responders in five communities in the Northeast corner of Lorain County.  As part of that System, the tower site at 225 Burns Rd. Elyria, OH 44035 (the "Burns Road Tower") served as a critical installation site for CCI's repeaters.  The "Five Cities Radio System" has expanded to include 22 governmental agencies, including first responders and schools, serving communities throughout Lorain County, Ohio.

6.      David Moore and Jeffrey Armbruster focused on blocking CCI from implementing the Five Cities Radio System from the start of the program.  I have learned that they directed significant efforts toward keeping CCI's repeaters off the Burns Road Tower, but that they were unsuccessful because two members of the Lorain County Board of Commissioners (the "Board"), who are no longer members of the Board, voted to enter the Cleveland Communications, Inc. Tower Lease, effective October 20, 2021 (the "Tower Lease").  The Tower Lease automatically renews for two-year terms.  A true and accurate copy of the Tower Lease is attached to the Motion as **Exhibit E**.

7.      In addition to the Five Cities Radio System, the Board decided to award CCI a contract to develop a county-wide radio system to include other users. CCI and the Board entered the Agreement to Provide Goods and Services to Lorain County, Ohio on December 21, 2022 (the "Agreement"), the contract that is at the center of this case.  A true and accurate copy of the Agreement is attached to the Second Amended Complaint as its Exhibit A.

2

8.      With a 2-1 vote in January 2023, Defendants Riddel and Moore revoked CCI's valid contract to install a new county-wide radio system and withdrew its federal funding despite widespread backlash from the counties' first responders.

9.      Despite this vote and the foregone conclusion that the Board would award the same contract to Motorola, the users on the independent Five Cities Radio System decided to continue on this private system and other users soon followed.  Today, nine different municipalities involving twenty-two agencies use the Five Cities Radio System as their primary means of emergency communications.

10.      In addition to continuing with the Five Cities Radio System, CCI filed this action to assert its rights on August 10, 2023.  The complaint was later amended twice to plead new evidence arising from two law enforcement investigations, and to add a claim for Defendants' retaliation against CCI.

11.      The Defendants in this case have repeatedly subjected CCI to retaliation for filing this action, as described in the Second Amended Complaint.  I have now learned that the Board intends to terminate and not renew the Tower Lease.

12.      Neither I, nor any employee of CCI, received any notice of intent to not renew the site location contract between the Lorain County Commissioners and CCI for co-location of our essential radio system transmitter site on the Burns Road Tower, until Monday August 11, 2025, when the Lorain County Commissioners posted their agenda for the meeting of August 12, 2025.

13.      I have reviewed the video recordings of the Board's meetings on various dates and I have accurately transcribed or confirmed the accurate transcription of portions of those meetings. A copy of those transcriptions are attached to the Motion as **Exhibit G**.

3

14.     Despite the public pronouncements from Commissioner Jeff Riddell and David Moore that we "should" have known a year ago that this was coming, I was never notified in writing, verbal communication, or through the provisions of the site contract until the night before the August 12, meeting. That notice came to me through text messages and emails from various sources throughout Lorain County.

15.     In public comments during Board meetings, Commissioners Riddell and Moore expressed that the Board would sit down with me to ensure a smooth transition, but efforts to do so in private have not been successful.

16.     I have been told that Commissioner Riddell said to more than one  public official in Lorain County that "they've been suing us for two years, why do I owe them any favors."

17.     I have learned that the Board added an addendum to their contract with Motorola, the contract that the Board entered to replace the Agreement, to condition the Motorola contract on terminating the Tower Lease.

18.     The Burns Road Tower (Lorain County 9-1-1 center) is critical to CCI's radio system partners. Elyria, Lorain, and others depend heavily on the coverage it provides in the area. The Burns Road Tower provides the area with critical in-building coverage for police, fire and EMS workers as they enter buildings to perform their jobs. The loss of this site imposes a harmful loss of coverage they have relied on for four years and places their lives and the lives of the taxpayers of Lorain County in grave danger.  The loss of coverage will happen immediately upon CCI's equipment being removed from the tower unless a suitable alternative location is found.

19.     On Sunday August 17, 2025, I conducted a  thorough  search  of  the  Federal Communications Commission website to determine if other co-located transmitters were licensed for the 225 Burns Rd. site. I was able to determine 21 agencies (not including Ohio MARCS) are

4

currently licensed at the site and that a bit more research determined many of those agencies have no intent to leave their legacy VHF radio systems upon acceptance of the new MARCS radio system in Lorain County.  I visited the MARCS website and found a drop-down menu that describes the process for co-location with MARCs and gives the amount of expected rent for co-location. A true and accurate copy of the results of my search are attached to the Motion as **Exhibit I.**

20.     To my knowledge, only CCI was told to leave the Burns Road Tower.

21.     CCI's equipment is already on the Burns Road Tower.  If my equipment remained on the Burns Road Tower, it would not impair the structural integrity of the tower or the operation of radio equipment installed by MARCS or other providers.  Lorain County would not need to take any action to maintain the equipment.  CCI intends to continue payments under the lease while its equipment remains on the tower and operational.  In fact, the equipment of MARCS and CCI have been co-located on the Burn Road Tower for four years.

22.     Ohio MARCS being my only like (i.e., APCO, P-25) competitor in NE, Ohio benefits from my expulsion from the county tower. The roughly 1200 radios and other devices currently operating on our radio system represent income to Ohio MARCS and the lack of suitably available tower sites would cause a loss of revenue to CCI, an irreparable financial burden to CCI, and loss of reputation throughout the county that CCI would not be able overcome with monetary damages.

23.     CCI always has been a quiet lessee at the Burns Road Tower. From the day we moved in, we have cooperated with all requests and policies of the facility manager(s) to include allowing county operations to cross through our equipment and the equipment entrusted to us by our users for their wide-ranging communications needs. In fact, Lorain County has not paid CCI

5

the required monthly user fee since 2023, a contentious item to hopefully be resolved within the lawsuit.

24.     I conducted a week-long search for acceptable tower locations to move to and found one on the campus of Lorain County Community College that should work but with less coverage than is provided by the Burns Road Tower. I contacted representatives of Lorain County Community College about access to the tower. They confirmed to me it was their tower and that, at the level of employee I was talking with, it seemed a good idea. Upon reaching out to the VP of the college, the answer came back that, yes it seemed okay, however "there are political considerations to take into account."  A search of the LCCC board of directors revealed Lee Armbruster is a recently new (2025) member of the LCCC board.  A true and accurate copy of a press release I accessed on Lorain County Community College's website is attached to the Motion as **Exhibit H**.

25.     Lee Armbruster is the wife of Jeff Armbruster, the Lorain County Administrator and a named defendant in CCIs lawsuit.

26.      I have also reached out to the owner of another tower, but it is currently unclear whether we can reach a deal.  CCI needs more time.

27.     This most recent attempt to retaliate against CCI by the Lorain County Commissioners does not just affect CCI, it affects every user of the radio system I have worked so hard to provide and to maintain for them. In the case of the recent shooting incident that occurred in Lorain, the outcome may have been far worse if the Burns Road Tower was offline. It provided coverage to the area of the incident. I have been meeting with chiefs and politicians in Lorain County who rightfully have questions about the future of the radio system.

6

28.    Even just relocating the site from Burns Road Tower to any other location in the County will cause me to lose coverage for several hours during the time period from turning the equipment off at Burns Road to the time I am able to place it back into service at the future new site. That loss of reliable coverage is a grave concern for those whose lives depend on the radios they carry and the radio system that supports their coverage.

29. Further Affiant sayeth naught.

_____
Alan Close

I hereby certify on this day, before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, personally appeared Alan Close, who is President of Cleveland Communications, Inc., to me personally known, and who executed the foregoing instrument and acknowledged that she executed the same for the purposes therein expressed.

Witness my hand and official seal in the County and State last aforesaid this _____ day of August 2025.

_____
Notary Public

_____
LISA M KOSTURA
(Print Name)

My commission expires:  March 15, 2030



Lisa M Kostura
Notary Public, State of Ohio
My Commission Expires:
March 15, 2030

7