Exhibit E

 

# LORAIN COUNTY COMMISSIONERS

**Michelle Hung**
*President*

**David J. Moore**
*Vice President*

**Matt Lundy**
*Member*

October 20, 2021

Melissa Tursack
Purchasing Coordinator
226 Middle Avenue
Elyria, Ohio 44035

Dear Ms. Tursack:

Lorain County Board of Commissioners adopted Resolution #21-647 on October 20, 2021 entering into a tower lease agreement with Cleveland Communications, Inc., Parma, Ohio in order to collocate Communications Antennas and related apparatus on the tower at 255 Burns Road, Elyria, Ohio.

This is being forwarded for your information, along with the document for your distribution.

Sincerely,

Theresa L. Upton
Clerk

enclosure

Cc: Dan Gross, Facilities Director
File

CLEVELAND COMMUNICATIONS, INC.

TOWER LEASE

THIS LEASE AGREEMENT is made and entered into this 20th day of October, 2021 by and between Lorain County, Ohio (Lessor) and Cleveland Communications Incorporated, an Ohio corporation hereafter known as (Lessee),

WHEREAS, Lessee provides safety communication services to local governments for their use for Police, Fire, EMS, and Dispatching functions;

WHEREAS, Lessee desires to Lease space on the Lessor's tower located at 255 Burns Rd. Elyria, Ohio in order to collocate Communication Antennas and related apparatus that Lessee utilizes in order to facilitate safety communication services to Lessor and other municipal governments.

WHEREAS, Lessee and Lessor contemplate that this Tower Lease may become obsolete based on now ongoing negotiations concerning the adoption of a Trunked Radio System by Lessor, and the parties understand that based on the outcome of the referenced negotiations, a successor to this Tower Lease may be desirable.

NOW THEREFORE, LESSOR AND LESSEE AGREE AS FOLLOWS:

1. PREMISE LEASED. Lessor hereby leases unto Lessee at an agreed upon rate of $1,500.00 per month, and a space for locating Lessee's antenna and related apparatus on a communication tower pursuant to the conditions set forth in this agreement.

2. TERM. The initial term of this Lease shall commence October 20, 2021 and end October 19, 2023.

3. EQUIPMENT INSTALLATION. Lessee shall be responsible for installation of its own equipment on and in the building and such installation of said equipment shall be within the accepted engineering standards for placement of such equipment. Lessee shall have the transmission cable permanently affixed between the antenna mount and the entry access by means of a messenger cable, tray or other such suitable method. Lessor reserves the right to determine appropriate placement of Lessee's equipment and must approve all plans for installation, prior to commencement of the work.

4. EQUIPMENT TO BE INSTALLED. Lessee may install that equipment as listed in Schedule A attached. Changes from this schedule must be approved in advance by Lessor, prior to installation.

5. REMOVAL OF EQUIPMENT. Upon termination of this lease and/or any renewal thereof, the Lessee shall within thirty days from the date of termination of this Lease, remove any and all of Lessee's equipment from the premises of the Lessor. Such removal shall be made within the accepted engineering standards for removal of such equipment and such removal shall be made in such a manner as to not damage any of the other equipment or Tower. Any damage caused by the removal of such equipment shall be repaired immediately by Lessee and at Lessee's expense.

6. RENEWAL. This Lease shall automatically renew for successive terms of Two (2) years each unless either party notifies the other, in writing, of an intent to terminate such Lease on or before thirty days prior to the expiration of the then current term of the Lease. Such notification shall be by certified mail with return receipt requested, at the address shown on the signature page. If no such notification is received thirty days prior to the expiration of the then current term of this Lease, then the Lease shall automatically renew for an additional term under the same terms and conditions as set forth in this Lease, with the exception that the rent prescribed above shall increase by an amount as agreed by the parties. If the parties cannot agree to an appropriate increase of rent within ninety days of the commencement of a new term, this Lease shall expire.

7. TERMINATION OF LEASE. This Lease may be terminated by either party for any reason provided the terminating party provides the other with Sixty (60) Days written notice of said termination. Such notice shall be by certified mail with return receipt requested, at the address shown on the signature page.

8. ACCESS TO PREMESIS. Lessee and/or properly authorized and technically trained personnel whose names shall be supplied in writing to the Lessor, shall have access to his equipment at all times in order to maintain and repair his equipment.

9. MAINTENANCE AND REPAIR. Lessee shall be responsible for all maintenance and repair in connection with his equipment installed on/in the building and Lessor shall not be responsible for any such repairs. Lessor agrees to keep and maintain the building in a good state of repair at its own expense.

10. EQUIPMENT. Lessee may install equipment as described in the attached "Schedule A".

11. DESTROYED OR STOLEN EQUIPMENT. Lessor shall not be responsible for any of Lessee's equipment, which may be destroyed, stolen or damaged, and Lessee shall carry any such insurance coverage desired for such equipment.

12. LESSEE'S INSURANCE. Lessee shall obtain and maintain sufficient Liability insurance to protect against loss, damage or injury in an amount agreed to by the Lessor and Lessee. Lessee shall add Lessor as an additional Insured.

13. DEFAULT. The following events shall constitute defaults on the part of the Lessee hereunder: The failure of Lessee to pay any part of the rental within fifteen days after the date on which such rental shall be due; and breach or failure of Lessee to observe or perform any of its other obligations hereunder and the continuance of such default for a period of fifteen days after notice in writing to Lessee of the existence of such default. Prior to declaring said default, the Lessor shall give notice to Lessee of its default and give Lessee a reasonable time period to correct the condition(s) that Lessor has determined constitutes default.

14. RELOCATION OF EQUIPMENT. Lessor will not require Lessee to relocate its equipment in any way that will cause deterioration to Lessee's radio signal. Nor will it require Lessee to move or alter its equipment in a manner that will require prior approval of the Federal Communications Commission without providing six months written notice to Sublessee.

15. MARKING and LIGHTING REQUIREMENTS. Lessor acknowledges that it, and not Lessee, shall be responsible for compliance with all tower or building marking requirements, which may be required by the Federal Aviation Administration or the Federal Communications Commission. Further, should Lessee be cited by either the FCC or the FAA because this site is not in compliance, and if Lessor does not cure the conditions of non-compliance within the time frame allowed by the citing agency, Lessee may terminate this Lease immediately upon notice to Lessor.

16. ELECTRICAL POWER. Lessor shall provide adequate current service to operate Lessee's equipment. Lessee shall install such electrical circuitry required to supply its equipment. Lessee hereby requests access to Lessor's UPS and generator for the purpose of backup power.

17. INVALID PROVISION. Any provision of this agreement found to be prohibited by law shall be ineffective to the extent of such prohibition without invalidating the rest of this agreement.

18. COMPLETE AGREEMENT. This agreement executed by the parties contains the entire understanding of the parties, and such understanding may not be modified or terminated except in writing and signed by the parties hereto. And further that each party has the necessary authority to execute this Agreement.

WITNESS our hands and seals on the 20th day of October 2021.

LESSOR BY:
Lorain County Commissioners
BY: _____
Michelle Hung, President

BY: _____
David J. Moore, Vice-President

BY: _____
Matt Lundy, Member

226 Middle Avenue
Elyria, Ohio 44035

LESSEE BY:
BY: _____
Alan L. Close, President
Cleveland Communications, Inc.
5220 Hauserman Rd.
Parma, OH 44130

# EXHIBIT "A"

1 Dragonwave microwave radio with 2' antenna

1 Transmit antenna

1 Receive antenna

7/8" receive coaxial cable

1-1/4" transmit coaxial cable

1 Tower top amplifier

1 rack of L3Harris transmit and receive MASTR-V site equipment

1 L3Harris Interoperability interface