UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND COMMUNICATIONS, INC., | ) | CASE NO. 1:23-cv-1561 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| LORAIN COUNTY BOARD OF COMMISSIONERS, *et al.*, | ) ) | **ORDER GRANTING LEAVE TO SUPPLEMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff's motion seeking leave to file a supplement to the second amended complaint pursuant to Fed. R. Civ. P. 15(d) ("Motion to Supplement"). (ECF No. 47). Defendants have filed an opposition, (ECF No. 58), and Plaintiff filed a reply in support, (ECF No. 59). For the reasons discussed below, the Motion to Supplement is **GRANTED IN PART AND DENIED IN PART**.

I. **PROCEDURAL BACKGROUND**

On August 20, 2024, Plaintiff Cleveland Communications, Inc. ("CCI") filed a second amended complaint against Defendants Lorain County Board of Commissioners ("Board"), Jeffrey Armbruster, David J. Moore, and Jeffrey Riddell (collectively, "Defendants").[1] (ECF No. 24). The pleadings generally allege that, after CCI and the Board had entered into a valid contract for CCI to upgrade a countywide emergency radio communications system for Lorain County (the "Contract"), Defendants conspired together to rescind the Contract and retaliate against CCI by excluding it from expanding and servicing radio systems in Lorain County. (*Id.* at

---

[1] CCI filed a first amended complaint as a matter of course on November 16, 2023. (ECF No. 10). Defendants moved to dismiss the first amended complaint. (ECF No. 12). The Court granted CCI leave to file a second amended complaint and denied Defendants' motion to dismiss as moot. (ECF No. 23).

PageID #497–516). CCI asserts eight claims for relief: (i) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(b) and (c), against Moore and Armbruster (Count One); (ii) violation of the RICO Act, 18 U.S.C. §§ 1962(d) and 1964, against Moore and Armbruster (Count Two); (iii) denial of substantive due process, in violation of the Fourteenth Amendment, against Moore and Armbruster (Count Three); (iv) denial of procedural due process, in violation of the Fourteenth Amendment, against the Board, Moore and Riddell (Count Four); (v) denial of equal protection, in violation of the Fourteenth Amendment, against the Board, Moore, and Riddell (Count Five); (vi) breach of contract, against the Board (Count Six); (vii) retaliation for exercise of a constitutionally protected right, against Armbruster (Count Seven); and (viii) malicious prosecution, against Moore (Count Eight). (*Id.* at PageID #516–32).

On September 10, 2024, Defendants filed a motion to dismiss the second amended complaint, seeking dismissal of all claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 25). CCI filed a timely opposition to the motion on October 10, 2024, (ECF No. 26), and Defendants filed their reply in support of the motion on October 24, 2024, (ECF No. 27).

On September 10, 2025, CCI filed the instant Motion to Supplement. (ECF No. 47). CCI seeks leave to supplement the second amended complaint under Rule 15(d) to add two new claims against Defendants based on the August 2025 termination of a lease agreement between CCI and the Board. (*Id.*). CCI provided a proposed supplement to the second amended complaint ("Supplement"). (ECF No. 47-1). The Supplement asserts two new claims: (i) breach of contract against the Board; and (ii) First Amendment retaliation against the Board, Moore, and Riddell. (*Id.* at PageID #843–47). In relevant part, the Supplement alleges that: (i) in October 2021, CCI and the Board entered a lease agreement whereby CCI was provided space on the Board's tower

for CCI to place its communications equipment ("Tower Lease"); (ii) the Tower Lease renews automatically every two years, and had done so in October 2023; (iii) the Board sent a notice of termination to CCI on August 13, 2025; (iv) Defendants had engaged in a pattern of retaliation against CCI after the filing of this action; (v) Defendants Moore and Riddell made public comments that linked the termination of the Tower Lease to this action; and (vi) Defendants breached the Tower Lease by terminating it for unconstitutional reasons (First Amendment retaliation) and failing to provide the required notice under the Tower Lease. (*See id.*). For relief, the Supplement requests damages, specific performance of the Tower Lease, and injunctive relief. (*Id.* at PageID #847).

CCI also filed a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") on August 25, 2025. (ECF No. 41). The TRO Motion sought to enjoin termination of the Tower Lease. (*Id.* at PageID #693). The Court set a hearing on the TRO Motion for September 17, 2025. (Notice [non-document] dated Sept. 11, 2025). The day before the hearing, the parties informed the Court they had reached a settlement. (Notice [non-document] dated Sept. 16, 2025). On September 17, 2025, the Court issued a Consent Decree agreed to by all parties. (ECF No. 56). Under the Consent Decree: (i) CCI voluntarily withdrew the TRO Motion; (ii) the parties modified the Tower Lease so that it would extend until March 14, 2026, after which it would not extend and CCI would remove all its equipment; and (iii) the Consent Decree only resolved the TRO Motion, while all other remaining claims and defenses remained pending. (*Id.* at PageID #893).

The same day, the Court ordered Defendants to file a response to the Motion to Supplement by October 1, 2025, and CCI to file a reply by October 10, 2025. (ECF No. 57). Defendants filed

a timely opposition to the Motion to Supplement, (ECF No. 58), and CCI filed a timely reply in support, (ECF No. 59).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings, and provides, in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) aims "'to give the court broad discretion in allowing a supplemental pleading.'" *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) (quoting Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment). In fact, the standard for granting leave to supplement under Rule 15(d) is the same as the standard for granting leave to amend under Rule 15(a)(2). *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted). The Supreme Court has clarified that absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Sixth Circuit has emphasized that "case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir.

2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). The party opposing a motion to amend the pleadings bears the burden of establishing that the proposed amendments would be futile. *See White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, at *10–11 (E.D. Mich. Aug. 28, 2013) (collecting cases).

IV. DISCUSSION

A. Mootness

Defendants first argue that the Court should deny the Motion to Supplement because the Consent Decree rendered the proposed supplemental claims moot. (ECF No. 58, PageID #908–09). They argue that the Consent Decree moots the supplemental claims because: (i) it resolved the Tower Lease dispute in its entirety; (ii) there is no risk of the alleged violations recurring; and (iii) with the Tower Lease being extended seven months, CCI cannot claim additional harm from the termination of the Tower Lease. (*Id.*). In response, CCI argues that even if the failure to give adequate notice can no longer support the supplemental breach of contract claim, "the allegation that Defendants unlawfully retaliated against CCI in terminating the Tower Lease at all remains at issue in both counts of the proposed Supplement."[2] (ECF No. 59, PageID #917).

The Court finds that the supplemental claims are not fully moot. Federal courts review only actual cases or controversies, U.S. Const., Art. III, § 2, and thus "have no power to adjudicate disputes which are moot." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc). "A case is moot when the issues presented are no longer 'live' or the

---

[2] CCI also states that "in setting a briefing schedule, this Court recognized that the consent decree does not fully resolve CCI's claims arising from the termination." (ECF No. 59, PageID #917). The Court warns CCI that this kind of argument is inappropriate and its assumption is wrong. The Court set the briefing schedule for an opposition a reply to the Motion to Supplement to give the parties a chance to provide their arguments, help clarify the issue, and to aid the Court in resolving the motion; *not* because the Court had already pass judgment on the merits of the issue.

parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Plan. Servs.*, 280 F.3d 684, 691 (6th Cir. 2002) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1978)). Thus, if there is no relief that the Court could grant to CCI with relation to the supplemental claims, they would be moot.

The Court agrees that any request for specific performance or injunctive relief related to the Tower Lease is moot, in light of the Consent Decree; any request for damages related to removal of equipment or lost profits would also be moot, in light of the parties' modifying the Tower Lease and extending the agreement. However, the Court finds that there are still damages CCI could recover if it prevails on the supplemental First Amendment retaliation claim. The Consent Decree explicitly stated that it only resolved the TRO Motion and CCI's request for injunctive relief related to the termination of the Tower Lease; it did not state that it resolved the supplemental claims. For the proposed First Amendment retaliation claim, even if CCI cannot demonstrate economic losses after the Consent Decree, it can still recover nominal damages for the alleged retaliatory actions and alleged violation of its First Amendment right. The Supreme Court has held that nominal damages are an appropriate award to vindicate violations of rights in § 1983 cases, even if a plaintiff fails to prove actual, economic injury. *See Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). The Supreme Court clarified that:

> [N]ominal damages, and not damages based on some undefinable "value" of infringed rights, are the appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury:
>
> "Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive

damages, to deter or punish malicious deprivations of rights." *Ibid.* (footnote omitted).

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11, 106 S. Ct. 2537, 2543 (1986) (quoiting *Carey*, 435 U.S. at 266).

Here, CCI could recover nominal damages for the alleged retaliatory actions taken in response to its protected conduct in filing this action, if it ultimately succeeds on that claim. Moreover, CCI requested attorney's fees and costs, which it could also recover related to the filing of the Motion to Supplement alone (which CCI filed to avail itself of its constitutional rights). By contrast, the Court finds that CCI no longer has any viable damages or a live controversy with respect to the supplemental breach of contract claim. As discussed above, CCI cannot claim any lost revenue or lost profits due to the alleged breach of the Tower Lease, and there are no nominal damages available like those for the alleged constitutional violations. CCI also cannot claim attorney's fees and costs with relation to filing this specific claim because this is a breach of contract claim under Ohio law. In Ohio, parties are responsible for their own attorney's fees, absent a statute or an enforceable contractual provision entitling a prevailing party to attorney's fees and costs. *See Reagans v. MountainHigh Coachworks, Inc.*, 117 Ohio St.3d 22, 31, 2008 Ohio 271, 881 N.E.2d 245 (Ohio 2008); *see also Kent State Univ. v. Bradley Univ.*, 2019-Ohio-2088, ¶ 84, 136 N.E.3d 774, 787 (Ohio Ct. App. 2019) ("Parties in Ohio are generally responsible for their own attorney fees."). In sum, the proposed breach of contract claim has been rendered moot by the Consent Decree, while the proposed First Amendment retaliation claim has not.

### B.     Futility of the Supplemental Claims

Defendants argue that, even if CCI's supplemental claims are not moot, the Court should deny the Motion to Supplement because the claims are otherwise groundless and futile. (ECF No. 58, PageID #909–13). Because the Court has found the supplemental breach of contract claim

to be moot, it will not address arguments as to its futility.[3] For the supplemental First Amendment retaliation claim, Defendants argue that CCI has no evidence of retaliatory motive, cannot establish a causal connection between the termination of the Tower Lease and the filing of this lawsuit, and the County would have chosen to terminate the lease regardless. (*Id.* at PageID #911–13). CCI responds that Defendants own statements, as alleged in the Supplement, link the termination of the Tower Lease with the filing of this case. (ECF No. 59, PageID #918).

The Court agrees with CCI. "A proposed amendment is futile," and a court should not grant leave to amend, when the amendment "would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). "[A] proposed amended pleading must be viewed in the light most favorable to the pleader; it should not be rejected unless it appears to a certainty that the pleader would not be entitled to any relief under it." *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 307 (6th Cir. 1961). To establish a causal connection, CCI must demonstrate that Defendants' termination of the Tower Lease was motivated at least in part by the filing of this action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). At this stage of the proceeding, circumstantial evidence of a retaliatory motive is sufficient to establish a causal relationship. *See Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010) (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 525–26, (6th Cir. 2010)). The Supplement alleges that Defendants Moore and Riddell made unfavorable comments at a public meeting about the filing of this action and CCI's involvement in it. Construing the

---

[3] The Court notes that it finds Defendants' arguments concerning the Tower Lease's notice requirements and CCI not meeting the definition of "Sublessee" under the agreement fairly persuasive. Even so, this would not negate the other theory of liability raised in the Supplement under the supplemental breach of contract claim—that the Tower Lease was breached because it was terminated for an unconstitutional reason (First Amendment retaliation). (*See* ECF No. 47-1, PageID #844, ¶ 214). If the claim was not otherwise moot, this would provide an otherwise viable claim against Defendants.

Supplement in a light most favorable to Plaintiff, the allegations supporting the supplemental First Amendment retaliation claim are sufficient to establish a causal connection between the protected conduct (the filing of this action) and the alleged adverse action (the initial termination of the Tower Lease).

That is not to say that Defendants cannot offer evidence and arguments at the summary judgment phase to attack the existence of a causal connection or to establish that they would have terminated the Tower Lease regardless of CCI filing this action.  *See Thaddeus-X*, 175 F.3d at 399 (explaining that a defendant is entitled to *summary judgment* on a First Amendment retaliation claim if he can "show that he would have taken the same action in the absence of the protected activity").  Thus, the Court finds that the supplemental First Amendment retaliation claim is not futile.  Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Supplement (ECF No. 47).

      C.     **Pending Motion to Dismiss**

"It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint."  *Doe v. Oberlin Coll.*, No. 1:17cv1335, 2018 U.S. Dist. LEXIS 237046, at *6 (N.D. Ohio Feb. 23, 2018) (citing cases); *see also Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Helms v. Aramark Corr. Servs.*, No. 3:22-cv-1557, 2022 U.S. Dist. LEXIS 231412, at *2 (N.D. Ohio Dec. 21, 2022) (citing *Doe*, 2018 U.S. Dist. LEXIS 237046, at *6).  Because the Court has granted leave to file a supplemental complaint, Defendants' pending motion to dismiss the second amended complaint (ECF No. 25) is rendered moot.  *See Stribling v. Washington*, No. 20-12990, 2022 U.S. Dist. LEXIS 237925, at *11 (E.D. Mich. Sep. 19, 2022) ("Plaintiff's supplemental complaint would supersede the original complaint, making the motion to dismiss the complaint moot.") (citing

*Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005)).  Thus, Defendants' motion to dismiss (ECF No. 25) is **DENIED AS MOOT**.

V. **CONCLUSION**

For the foregoing reasons, CCI's Motion to Supplement (ECF No. 47) is **GRANTED IN PART AND DENIED IN PART**.  The Court **GRANTS** leave to file the proposed First Amendment Retaliation claim and **DENIES** leave to file the proposed breach of contract claim.  CCI is **ORDERED** to file its supplemental complaint (ECF No. 47-1) within 14 days of the issuance of this Order, in accordance with the following instructions: (i) the supplemental complaint shall omit the proposed breach of contract claim; (ii) the supplemental complaint shall assert only *one* supplemental cause of action, the proposed First Amendment retaliation claim; and (iii) the supplemental complaint shall remove all references to and requests for specific performance, injunctive relief, and damages related to relocation of CCI's equipment.  Defendants' motion to dismiss the second amended complaint (ECF No. 25) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Date: October 29, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**